UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

SANDRA W. FILLICHIO,

    Plaintiff,

v.

NELSON, WATSON & ASSOCIATES, LLC.,

    Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, SANDRA W. FILLICHIO, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, NELSON, WATSON & ASSOCIATES, LLC., is a professional corporation and citizen of the State of Massachusetts with its principal place of business at 80 Merrimack St., Lower Level, Haverhill, MA 01830.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10. Defendant left the following messages on Plaintiff's voice mail on her cellular telephone on or about the dates stated:

April 8, 2009 – Pre-Recorded Message – Cellular Phone
– That this call be returned as soon as possible to 1-800-798-5606. Again the number is 1-800-798-5606.

April 9, 2009 – Pre-Recorded Message – Cellular Phone
– That this call be returned as soon as possible to 1-800-798-5606. Again the number is 1-800-798-5606.

April 22, 2009 – Home Phone
Pre Recorded Message: Please wait.

2

Human Caller: Hi, Sandra this is Danielle, listen I some information I need to review with you. It is important you return my call. My phone number is 1-800-868-6510 extension 2362. This is a time sensitive matter my office has been asked to make a recommendation on your behalf. When calling please refer to your reference number RESP13037. Thank you.

April 28, 2009 – Cellular Phone
Hi Sandra, this is Jonah, it is imperative that you return my call. I have some information here in my office that I need to discuss with you as soon as possible. My phone number is 1-800-868-6510 extension 2075. When calling, you will need a reference number so I can help you out. It's 4EFG183082. Again, it's really important that I get a call back from you as soon as possible over here in my office today until 4 o'clock.

May 6, 2009, 1:03 PM – Home Phone
Sandra, my name is Melissa I'm calling from the offices of Nelson, Watson & Associates. I need an immediate return call back from you regarding this matter, my number is 1-800-870-6122, extension is 2273. Reference number when you return my call is RESP13037. I'm going to be making a recommendation on your behalf and I think it would be in your best interest to return this call and discuss this situation with me before I do that, I will be in my office until 9:00.

May 6, 2009, 3:44 PM – Cellular Phone
Sandy this is Kevin calling from 1-800-870-5610 my personal extension here is 2290. I was asked to review some information with you today, but I'm only going to be available here until about 9:00 PM. When you call if you could give me your reference number which is RESP13037, that way I can help you out. Again Sandy my number here is 1-800-870-5610 and my extension is 2290. You need to call me as soon as you get this message, I'm trying to make an extremely important decision on your behalf, I will be forced to make a decision whether or not you call me back, so please call me with your input as soon as possible. Okay?

    11.    Defendant left similar or identical messages on other occasions.

(Collectively, "the telephone messages").

12. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose Defendant's name.

14. Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

15. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

16. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

17. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

18. Plaintiff incorporates Paragraphs 1 through 17.

19. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S.

4

Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

20.    Plaintiff incorporates Paragraphs 1 through 17.

21.    Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name, that it is a debt collector, and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See Valencia v The Affiliated Group, Inc., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591, 593 (D. Ga. 1982); and Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

      b.      Attorney's fees, litigation expenses and costs of suit; and

      c.      Such other or further relief as the Court deems proper.

## COUNT III
## TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING

22. Plaintiff incorporates Paragraphs 1 through 17.

23. Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C §1692d(5). See *Sanchez v. Client Servs.*, 520 F. Supp. 2d 1149, 1160-1161 (N.D. Cal. 2007).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.      Damages;

      b.      Attorney's fees, litigation expenses and costs of suit; and

      c.      Such other or further relief as the Court deems proper.

## COUNT IV
## TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED CALLS TO A CELLULAR TELEPHONE

24. Plaintiff incorporates Paragraphs 1 through 17.

25. Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, in violation of 15 U.S.C §1692d.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT V
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

26. Plaintiff incorporates Paragraphs 1 through 17.

27. Defendant asserted the right to collect a debt by leaving telephone messages for Plaintiff without disclosing that it is a debt collector and the purpose of its communications and its name when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit;

    c.    declaring that Defendant's practices violate the FCCPA;

    d.    permanently injoining Defendant from engaging in the complained of practices; and

    e.    Such other or further relief as the Court deems proper.

## COUNT VI
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

28.  Plaintiff incorporates Paragraphs 1 through 17.

29.  By failing to disclose that it is a debt collector, its name and the purpose of its communication, by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, and by telephoning Plaintiff with such frequency as can be reasonably be expected to harass, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

30.  The FCCPA provides for equitable relief including injunctive relief. _Berg v. Merchs. Ass'n Collection Div_., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses and costs of suit;

    c.  declaring that Defendant's practices violate the FCCPA;

    d.  permanently injoining Defendant from engaging in the complained of practices; and

      e.      Such other or further relief as the Court deems proper.

## COUNT VII
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

31.    Plaintiff incorporates Paragraphs 1 through 17.

32.    Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.      Damages;

      b.      a declaration that Defendant's calls violate the TCPA;

      c.      a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of any person using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of the called party; and

      d.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

                                    DONALD A. YARBROUGH, ESQ.
                                    Attorney for Plaintiff
                                    Post Office Box 11842

       Ft. Lauderdale, FL 33339
       Telephone: 954-537-2000
       Facsimile: 954-566-2235
       donyarbrough@mindspring.com


    By: s/ Donald A. Yarbrough
      Donald A. Yarbrough, Esq.
      Florida Bar No. 0158658